UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ASH EQUIPMENT, INC. <br> d/b/a/ AMERICAN HYDRO, <br><br> Plaintiff, <br><br> v. <br><br> 2X HYDRO-DEMOLITION, LLC <br> and DONALD G. LAVIERS <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 3:14-CV-442 <br> (REEVES/SHIRLEY) |

## **MEMORANDUM AND ORDER**

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court, for disposition of the Plaintiff's Renewed Motion for Expedited Discovery. [Doc. 14]. The Court held a hearing on this motion on October 10, 2014 in which attorneys Joshua J. Sudbury and Mark E. Stamelos were present by telephone for the Plaintiff and attorneys Arthur G. Seymour and Benjamin C. Mullins were present for the Defendants.

Plaintiff initially filed a Motion to Expedite Discovery with a supporting memorandum on September 23, 2014. [Docs. 7 & 8]. Plaintiff moved the Court to order Defendants to respond to twenty-pages of interrogatories and requests for production on or before October 6, 2014, or no later than five (5) business days prior to any preliminary injunction hearing set by the District Judge. [Doc. 7]. The Court denied the Plaintiff's Motion on September 25, 2014. [Doc. 12]. The Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction on September 23, 2014. [Docs. 2 & 3]. Plaintiff filed a Renewed Motion for Expedited Discovery

on September 29, 2014, requesting expedited discovery in order to prepare for an upcoming hearing regarding Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. [See Doc. 14].

The Parties went before the Honorable Pamela Reeves, District Judge for the Eastern District of Tennessee, on October 7, 2014 for disposition of the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. [See Doc. 20]. Judge Reeves denied Plaintiff's Motion. [Doc. 22]. The parties came before this Court on October 10, 2014 for disposition of Plaintiff's Renewed Motion for Expedited Discovery. [See Doc. 25].

During the hearing, Plaintiff argued that it had good cause for expedited discovery despite Judge Reeves's denial of Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. Plaintiff requested production of Defendants' email messages within the next thirty days and the right to issue subpoenas for discovery requests as soon as possible. Plaintiff argued that such expedited discovery was necessary to prevent the Defendant from committing trade secret violations and to guarantee that email messages and other potential evidence would not be destroyed or lost.

In considering motions for expedited discovery, courts apply a "good cause standard." Russell v. Lumpkin, CIV.A. 2:10-CV-00314, 2010 WL 1882139, at *2 (S.D. Ohio May 11, 2010). When requesting discovery prior to a discovery conference as required by Rule 26 of the Federal Rules of Civil Procedure, "[t]he burden of demonstrating good cause rests with the party seeking the expedited discovery." Id. Although good cause is often found pursuant to a request for preliminary injunction, the moving party may establish good cause by "demonstrating that 'the need for expedited discovery, in consideration of the administration of justice, outweighs the

prejudice to the responding party.'" Id. (quoting Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002)).

The Court has considered Plaintiff's request and finds that the Plaintiff has not shown good cause for expedited discovery. Primarily, Plaintiff's request is moot because its request for a temporary restraining order and preliminary injunction was denied, which was Plaintiff's sole purpose for initially filing its Renewed Motion for Expedited Discovery. [See Doc. 14 at 5]. Further, Plaintiff's undefined and hypothetical concerns that the Defendant may violate Plaintiff's trade secrets or that emails could be lost do not satisfy the Court that good cause exists. The Court finds that the Plaintiff has not identified any need that outweighs the prejudice that would be placed upon the Defendants to respond within such an abbreviated period and that such a request is not within the interests of justice.

The Plaintiff's Motion for Expedited Discovery, [Doc. 14], is hereby **DENIED**. The Parties are **INSTRUCTED** to conduct their Rule 26(f) conference no later than October 27, 2014.

**IT IS SO ORDERED.**

ENTER:

    s/ C. Clifford Shirley, Jr.
United States Magistrate Judge